IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES G. JENKINS, SR., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:26-cv-288-ECM |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Government's motion to set aside or vacate the order of default judgment and sanctions, dismiss this case for lack of jurisdiction, and quash subpoenas or stay discovery. (Doc. 12).[1]  The Court previously granted the motion in part as to the Government's request for a stay of discovery and ordered briefing on the remaining issues. (Doc. 14).  The motion is now fully briefed. (Docs. 13, 17, 18).  Upon consideration, and for good cause, the motion is due to be granted.

**I.  FACTS**

On November 24, 2020, James G. Jenkins, Sr. ("Jenkins") sued Officer Matthew B. Goodson ("Officer Goodson") of the Phenix City Police department in state court for trespass and outrage stemming from his execution of an arrest warrant at Jenkins' residence on May 18, 2020. (Doc. 1 at 1–2, para. 1).  On November 7, 2022, after Officer Goodson failed to appear at a scheduled deposition, the state court sanctioned Officer Goodson and

---

[1] For clarity, the Court refers to the document and page numbers generated by CM/ECF.

ordered him to respond to discovery requests. (Doc. 1-2 at 147–54).  On July 7, 2025, the state court appeared to grant partial default judgment against Officer Goodson, allowed two additional plaintiffs to join the suit on the trespass claim, and reiterated the order of sanctions against Officer Goodson. (*Id.* at 204).  The case was categorized as disposed by the order on the default judgment. (*Id.* at 7).  But since then, the Plaintiffs have filed discovery orders including non-party subpoenas and notices of depositions; they still seek all relief originally sought. (*Id.* at 7, 207–24).

When Officer Goodson executed the arrest warrant, he "was on duty as [a] Special United States Marshal." (Doc. 1 at 3, para. 4; *see* doc. 1-1 (certification by the Acting United States Attorney for the Middle District of Alabama that Officer Goodson was acting within the scope of his employment as a Special Deputy United States Marshal)).  Throughout the litigation in state court, "the United States Marshal[s] Service, the Attorney General of the United States, and[] the United States Attorney's Office . . . were not served" with the complaint, summons, motion for default judgment, or order on the motion for default judgment. (Doc. 13 at 2, 4–5).  However, in March 2026, "the United States Marshal[s] Service alerted the U.S. Attorney's Office . . . of the state court proceeding and final judgment." (*Id.* at 4).  On April 24, 2026, the Government removed pursuant to 28 U.S.C. §§ 1442(a)(1) and 2679(d)(2), and was substituted for Officer Goodson. (Doc. 1 at 4, paras. 5–6).  Finally, as of May 27, 2026, no administrative tort claim had been presented by Jenkins to the United States Marshals Service. (Doc. 12-1 at 2, para. 6).

2

## II.  LEGAL STANDARDS

Judgments, orders, or proceedings may be vacated as void. *See* FED. R. CIV. P. 60(b)(4).  Any motion to do so "must be made within a reasonable time." FED. R. CIV. P. 60(c)(1); *Coney Island Auto Parts Unlimited, Inc. v. Burton Tr. for Vista-Pro Auto., LLC*, 607 U.S. 155, 162 (2026).  "A judgment is 'void' under Rule 60(b)(4) if it was rendered without jurisdiction of the subject matter." *Oakes v. Horizon Fin., S.A.*, 259 F.3d 1315, 1319 (11th Cir. 2001) (citation omitted).  "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally . . . reserve[] relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (citation omitted); *see Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) ("[R]ule 60(b)(4) motions leave no margin for consideration of the district court's discretion as the judgments themselves are by definition either legal nullities or not." (quotation omitted)).

The Federal Tort Claims Act, 28 U.S.C. §§ 2671–80 ("FTCA"), is "the exclusive remedy for torts committed by Government employees in the scope of their employment." *United States v. Smith*, 499 U.S. 160, 163, 173 (1991).[2]  Federal "district courts . . . have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or

---

[2] The Supreme Court has described the act as "designed primarily to remove the sovereign immunity of the United States from suits in tort and, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances." *Richards v. United States*, 369 U.S. 1, 6 (1962).

omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).  In removed cases where the Attorney General has certified that the defendant employee was acting within the scope of his employment:

> Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. § 2679(d)(1).  Further, "[t]he United States Attorney for the district where the civil action or proceeding is brought . . . is authorized to make the statutory certification . . . under circumstances in which Congress has provided by statute that the remedy provided by the [FTCA] is made the exclusive remedy." 28 C.F.R. § 15.4(b); *accord id.* §15.4(a) (providing the same in broader circumstances).

Additionally, the FTCA requires a plaintiff to properly exhaust administrative remedies before proceeding in court. 28 U.S.C. § 2675(a)–(b).  This administrative exhaustion requirement is jurisdictional. *Motta ex rel. A.M. v. United States*, 717 F.3d 840, 844 (11th Cir. 2013); *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008); *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006).

And, in FTCA cases as in others, "[i]n the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists." *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002) (citing *Thomson v. Gaskill,* 315 U.S. 442, 446 (1942); *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.1980)). In considering such a challenge, courts examine "the existence of subject matter

jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits." *McMaster v. United States*, 177 F.3d 936, 940 (11th Cir. 1999) (quotation omitted); *accord Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1336 (11th Cir. 2013). Additionally, where courts do not decide any issues of disputed fact in resolving a factual challenge, further discovery or evidentiary hearings are unnecessary. *See McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (citation omitted); *Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir. 1981)[3] ("Insofar as the defendant's motion to dismiss raises factual issues, the plaintiff should have an opportunity to develop and argue the facts in a manner that is adequate *in the context of the disputed issues and evidence*." (emphasis added)).

### III. ANALYSIS

The Plaintiffs do not dispute any of the facts propounded by the Government, only the application of the law to those undisputed facts. (*See generally* doc. 17). They are suing the United States in tort, "for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1); (*see* doc. 1-2 at 174–75). The Acting United States Attorney for the Middle District of Alabama certified upon removal that Officer Goodson was acting within the scope of his employment as a Special Deputy United States Marshal at the time the underlying cause of

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

action arose. (*See* doc. 1-1). That "conclusively establish[es the] scope of office or employment for purposes of removal." 28 U.S.C. § 2679(d)(1); *see* 28 C.F.R. § 15.4(b).

Setting aside the Plaintiffs' failure to make a meaningful attempt to show why this court has subject matter jurisdiction—their burden,[4] *see OSI*, 285 F.3d at 951—they do not contend that they have attempted to exhaust administrative remedies, and the record affirmatively indicates they have not. (Doc. 12-1 at 2, para. 6). Therefore, they could not properly pursue judicial relief. *See* 28 U.S.C. § 2675(a)–(b). Additionally, the previous orders and proceedings in this case all occurred in state court, a forum that could not award relief even if the Plaintiffs had properly exhausted their administrative remedies. *See* 28 U.S.C. § 1346(b)(1).

For both reasons, the proceedings and judgment entered in state court are without "even an 'arguable basis' for jurisdiction." *Espinosa*, 559 U.S. at 271. And because the state court lacked jurisdiction, so too does this Court upon removal. *Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.*, 258 U.S. 377, 382 (1922) ("If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction."). Thus, the Court is

---

[4] On a broader note, the Plaintiffs' response is almost entirely composed of conclusory claims without any legal argument or citation to applicable law. (*See generally* doc. 17). The arguments that can be distilled plainly cut against the Plaintiff, and the Court does not address them further. (*See, e.g., id.* at 1, para. 1 (invoking federalist principles); *id.* at 2, para. 16 (stating that this case "is and should be ripe for a final trial and . . . converted properly to a timely filed 1983 Civil Rights action"); *id.* at 3, para. 20 ("The United States['] entire brief speaks to this Court having jurisdiction[,] and [the Plaintiffs are] under no obligation to know that this matter should have been an FTCA claim . . . ."); *id.* (claiming that the Plaintiffs did not know that Officer Goodson was acting under authority of the United States, without denying that he was in fact acting under that authority)).

bound to vacate the order of default judgment and sanctions[5] and dismiss this case for lack of subject matter jurisdiction. *See Savell v. S. Ry. Co.*, 93 F.2d 377, 379 (5th Cir. 1937) ("When a case is removed the federal court takes it as though everything done in the state court had in fact been done in the federal court." (citations omitted)); *see also Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1252 (11th Cir. 1988) ("[A] federal district court may dissolve or modify injunctions, orders, and all other proceedings which have taken place in state court prior to removal."); *cf.* 28 U.S.C. § 1450 ("All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court.").

## IV.  CONCLUSION

Despite the existing jurisdictional shortcomings, the Plaintiffs may not be completely without recourse.  As the Government acknowledges, if the Plaintiffs follow the FTCA's procedural requirements, they may later litigate their claims in federal court. (Doc. 18 at 10–11 & n.7).  Accordingly, and for good cause, it is

ORDERED as follows:

1.      The Government's motion, (doc. 12), is GRANTED.

2.      The order of default judgment and sanctions, (doc. 1-2 at 204), is VACATED.

---

[5] The Government avers that it was made aware of this suit in March 2026. (Doc. 13 at 4).  It filed its well-briefed motion on June 2, 2026. (Doc. 12).  Under these unique circumstances, and given the apparent diligence of the Government upon learning of the judgment against it, the Court finds that the motion to vacate was made "within a reasonable time." FED. R. CIV. P. 60(c)(1).

3.    This case is DISMISSED without prejudice for lack of subject matter jurisdiction.

The Clerk of the Court is DIRECTED to close this case.

DONE this 3rd day of August, 2026.

_____/s/ Emily C. Marks_____

EMILY C. MARKS
UNITED STATES DISTRICT JUDGE

8